IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 16-cr-00284-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DONALD ILEY

    Defendant.

---

**GOVERNMENT'S SENTENCING STATEMENT**

---

The United States of America (the government), by and through J. Chris Larson, Assistant United States Attorney, submits the following sentencing statement.

The Defendant pled guilty to Counts 12 and 28 of the indictment, charging wire fraud in violation of 18 U.S.C. § 1343, and aiding in the preparation of a false tax return in violation of 26 U.S.C. § 7206(2). The Defendant's scheme to defraud is described in the record and admitted by the Defendant. See Docket No. 21, pages 5-14 (stipulation of facts, Plea Agreement); Docket No. 23, ¶¶ 9-29. 142 business victims are identified in Attachment A of the plea agreement. Sentencing is scheduled for July 13, 2017, at 3pm. Docket No. 20.

Issues to be addressed at sentencing include: (A) the determination of the advisory guideline calculation for the Defendant, which will require resolving a dispute

between the parties about the applicability of a 2-level enhancement under §2B1.1(b)(9)(C)(violation of any prior, specific judicial or administrative order, injunction, decree or process not addressed elsewhere in the guidelines); (B) the period of supervised release; (C) restitution to be ordered paid to victims; (D) the entry of a preliminary order of forfeiture; (E) the amount of any fine; (F) the special assessment; and (G) whether the Defendant may voluntarily surrender.

Each item is addressed in turn, below, consistent with the government's obligations under the plea agreement. Docket No. 21.

### A. Advisory Guidelines Computation

The government contends that the applicable advisory guideline, after enhancements and adjustments, is offense level 30, criminal history category I. Provided the Court agrees with the government's advisory guideline determination, the government recommends the Defendant be sentenced to a period of incarceration of 8 years and 1 month (97 months). Should the Court disagree with the applicable advisory guideline determination, the government reserves the right to adjust its recommendation consistent with its obligations under the plea agreement. Docket No. 21, page 3.

The government's recommended advisory guideline computation is as follows:

1. Section 3D1.2(d) – Grouping Offenses
    a. Offenses under 18 U.S.C. § 1343 (wire fraud) and 26 U.S.C. § 7206(2) (aiding in the preparation of false tax returns) are both offenses involving fraud or deceit and are therefore grouped pursuant to § 3D1.2(d).
2. Section 2B1.1(a) – base offense is **7 levels**:

a.  The statutory maximum sentence under 18 U.S.C. § 1343 is 20 years, therefore the base offense level under §2B1.1(a) is **7 levels**.

3.  Section 2B1.1(b)(1)(K) – based on loss (or intended loss), increase by **20 levels**:

    a.  There is a 20 level increase, pursuant to §2B1.1(b)(1)(K), because the loss (or intended loss) was greater than $9,500,000, but less than $25,000,000.  See Plea Agreement, Stipulation of Facts, pages 10-11 & Advisory Guideline Computation, page 15.

4.  Section 2B1.1(b)(2)(A) – based on ten or more victims, increase by **2 levels**

    a.  The offense involved ten or more victims, pursuant to §2B1.1(b)(2)A), the offense level is increased by **2 levels.**

5.  Section 2B1.1(b)(9)(C) – based on a violation of a prior administrative order or process not addressed elsewhere in the sentencing guidelines, the offense should be increased by **2 levels.**

    a.  The Defendant disputes the application of this guideline and in the plea agreement reserved the right to argue that this enhancement does not apply. Docket No. 21, at 15, n. 5.  Subsequently, defense counsel informed the government that the Defendant will object to the application of this enhancement.

    b.  This enhancement applies because the Defendant engaged in the scheme to defraud in this matter while his license to practice as a CPA was under probation pursuant to an "Agreement and Final Agency

   Order" before the State Board of Accountancy. See Attachment A ("2010 Order").

c. The Defendant signed the 2010 Order and admitted the facts therein. Id., at p. 2, para 9(c) ("By entering into this Order, [ILEY and ILEY and Associates] … admit the facts contained in this Order….")

d. The 2010 Order details violations for Clients A-E for failure to exercise due care and for negligence. The Defendant's conduct associated with Client C is most similar to the scheme in this case:

    i. "Respondent Iley performed accounting, payroll, and tax return preparation services for Client C's two companies from 1999 until 2003. … Between 2001 and 2003, Respondent Iley took possession of funds from Client C for the purpose of paying the payroll and quarterly tax liabilities of Client C's companies. … Despite taking possession of sufficient funds to pay the taxes due, Respondent Iley failed to properly and promptly remit payment in full to the IRS, Colorado Department of Revenue, and Colorado Department of Labor and Employment on behalf of Client C's companies…." Id. at pages 10-11.

e. The Defendant was disciplined in the 2010 Order. His CPA license was placed on probation and he was subject to practice monitoring.

f. As recounted in the plea agreement, "[w]hile ILEY was originally supposed to be under practice monitoring for five years, he requested and received early termination of practice monitoring in 2013. To

obtain that early release form practice monitoring, in April 2013, among other things, ILEY informed the State Board of Accountancy that:

> 'I have learned a great deal from this process, including focusing closely on accuracy, diligence, absolute candor with clients, appropriate delegation of tasks to staff and close supervision of everyone involved in the tax preparation process. I have increased my efforts in all areas, and as the practice monitor's reports show, my office is thankfully showing great improvement, including no issues with my office's tax preparation.'"

Plea Agreement, Docket No. 21, page 10, fn. 3.

g. Prior to and after these statements, the Defendant was – in truth -- actively defrauding existing payroll clients.

h. "[F]rom January 2011, up to December 2015, ILEY "systematically retained payroll tax monies from all payroll clients for whom he was responsible for paying such taxes." Docket 21, page 10. More than 140 clients were victims of this scheme.

i. Under §2B1.1(b)(9)(C), a 2-level enhancement for violation of a prior administrative order or process not addressed elsewhere in the sentencing guidelines applies in this case.

j. The application notes make clear that "[a] defendant who does not comply with such a prior, official judicial or administrative warning *demonstrates aggravated criminal intent* and deserves additional punishment." §2B1.1, application note 8(C) (Fraud in Contravention of Prior Judicial Order) (emphasis added).

6. Section 3B1.31(c) – abuse of trust, increase by **2 levels**:

    a. The Defendant engaged in an abuse of trust; accordingly, pursuant to § 3B1.3 the offense level is increased by **2 levels.**

7. Reduction for Acceptance of Responsibility – reduce by **3 levels.**

    a. Pursuant to §3E1.1(a) and (b), provided the defendant does nothing inconsistent with accepting responsibility prior to sentencing, the defendant should receive a **reduction** for acceptance of responsibility of **3 levels**. See Docket No. (Govt Motion for Reduction)

8. The total resulting offense is **30 levels**.

9. Criminal History Calculation, Category I

    a. The probation office has determined that the Defendant's criminal history category is Category I, Docket No. 23, ¶¶ 61-62.

10. Advisory Guideline Range

    a. Based on the foregoing, the offense level is 30, and the criminal history category is I.

    b. Consistent with its obligations under the plea agreement, the government recommends that should the Court agree with the advisory guideline determination, above, the Defendant be sentenced to eight years and one month incarceration (97 months). Should the Court find that a different calculation of advisory guideline applies, the government will revise its recommendation in accordance with its obligations under the plea agreement. Docket No. 21, at 3.

### B. Supervised Release

Should the Court Order a term of supervised release, the maximum period of

supervised release is 3 years. The probation office recommends 3 years of supervised release. Docket No. 23, Attachment. A.

### C.  Restitution

The Defendant should be ordered to pay restitution in the amount of the actual loss for all identified victims on a proportional basis. The assessment of restitution is complicated by more than 140 identified victims, who each experienced different actual loss amounts over the course of up to six years. The government is working to revise its estimate of actual loss after review of victim impact statements attached to the presentence report and continues to discuss this revision with the Defendant's counsel. The government has been, and continues to work with the Defendant's counsel in an effort to eliminate, or substantially narrow the issues to present to the Court at sentencing. Should those issues not be resolved, the government is prepared to present evidence concerning actual loss at sentencing.

### D.  Forfeiture

The government has filed a separate motion for a preliminary order of forfeiture consistent with the plea agreement. Docket No. 29.

### Fine

The probation office does not recommend imposition of a fine. Docket No. 23, Attachment A. The government agrees that payment of restitution is the Defendant's primary financial obligation.

### E.  Special Assessment

The defendant has been convicted on Counts 12 and 28, accordingly, a $200.00 special assessment is mandatory.

### F.  Voluntary Surrender

The probation office has recommended that the Defendant be allowed to voluntarily surrender after sentencing.  Docket No. 23, Attachment A, at R-6.  The government supports the recommendation of the probation office, consistent with its obligations under the plea agreement.  Docket No. 21, at 3.

### CONCLUSION

For the foregoing, the government recommends that the Court find an offense level of 30, and a criminal history of I.  Contingent on this finding, the Government recommends the Court sentence the defendant for a term of ninety-seven (97) months.  The government further supports the recommendation of the probation office for three (3) years supervised release.  The government also requests an order of restitution and a preliminary order of forfeiture, together with a special assessment of $200.

Dated this 29th day of June, 2017.

ROBERT C. TROYER
Acting United States Attorney

By:*J. Chris Larson*
J. CHRIS LARSON
Assistant U.S. Attorney
United States Attorney's Office
1801 California Ave, Suite 1601
Denver, Colorado 80202
(303) 454-0100
(303) 454-0411 (fax)
J.Chris.Larson@usdoj.gov

Attorney for the Government

## CERTIFICATE OF SERVICE

      I hereby certify that on this 29th day of June 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

|  |  |
|---|---|
| By: | *J. Chris Larson* |
|  | J. CHRIS LARSON |
|  | Assistant U.S. Attorney |
|  | United States Attorney's Office |
|  | 1801 California Ave, Suite 1601 |
|  | Denver, Colorado 80202 |
|  | (303) 454-0100 |
|  | (303) 454-0411 (fax) |
|  | J.Chris.Larson@usdoj.gov |
|  | Attorney for the Government |