AO 245B (Rev. 11/16)   Judgment in a Criminal Case
                       Sheet 1

# UNITED STATES DISTRICT COURT

District of Colorado

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| | ) | Case Number: 16-cr-00284-CMA-1 |
| DONALD ILEY | ) | USM Number: 43774-013 |
| | ) | Gary Lozow |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)   12 and 28 of the Indictment

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | 12/26/2014 | 12 |
| 26 U.S.C. § 7206(2) | Aiding in the Preparation of False Tax Return | 7/31/2015 | 28 |

The defendant is sentenced as provided in pages 2 through  11  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ All remaining Counts of the Indictment are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 25, 2017
Date of Imposition of Judgment

*Christine M. Arguello* (signature)
Signature of Judge

Christine M. Arguello, United States District Judge
Name and Title of Judge

8/3/2017
Date

Judgment — Page 2 of 11

DEFENDANT: DONALD ILEY
CASE NUMBER: 16-cr-00284-CMA-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: one-hundred and fifty-one (151) months as to Count 12 and thirty-six (36) months as to Count 28, all counts to run concurrent to each other.

☒ The court makes the following recommendations to the Bureau of Prisons:
The defendant be designated to USP Leavenworth for service of his sentence.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before noon. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Judgment — Page   3   of   11

DEFENDANT:        DONALD ILEY
CASE NUMBER:   16-cr-00284-CMA-1

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:
three (3) years as to Count 12 and one (1) year as to Count 28, all counts to run concurrent to each other.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

| | |
|---|---|
| DEFENDANT: | DONALD ILEY |
| CASE NUMBER: | 16-cr-00284-CMA-1 |

Judgment — Page 4 of 11

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.


Defendant's Signature                                                                                             Date

Judgment — Page 5 of 11

DEFENDANT: DONALD ILEY
CASE NUMBER: 16-cr-00284-CMA-1

## SPECIAL CONDITIONS OF SUPERVISION

1. You must not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless you are in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence..
2. You must provide the probation officer access to any requested financial information and authorize the release of any financial information until all financial obligations imposed by the court are paid in full.
3. As directed by the probation officer, you must apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation in this case.
4. If the judgment imposes restitution, you must pay the restitution in accordance with the Schedule of Payments sheet of this judgment. You must also notify the court of any changes in economic circumstances that might affect your ability to pay the restitution.
5. You must make payment on the restitution obligation that remains unpaid at the commencement of supervision. Within 60 days of the commencement of supervision, you must meet with the probation officer to develop a plan for the payment of the obligation. This plan will be based upon your income and expenses, and must be at least 10 percent of the defendant's gross monthly income. The plan will be forwarded to the Court for review and approval.
6. You must work with the probation officer in development of a monthly budget that will be reviewed with the probation officer quarterly.
7. If you have an outstanding financial obligation, the probation office may share any financial or employment ocumentation relevant to you with the Asset Recovery Division of the United States Attorney's Office to assist in the collection of the obligation.
8. You must document all income and compensation generated or received from any source and must provide that information to the probation officer as requested.
9. You must not cause or induce anyone to conduct any financial transaction on your behalf or maintain funds on your behalf.
10. You must not engage in an occupation, business, profession, or volunteer activity that would require or enable you to be an accountant without the prior approval of the probation officer.
11. All employment for you must be approved in advance by the supervising probation officer. You must not engage in any business activity unless the activity is approved by the probation officer. Any approved business activity must operate under a formal, registered entity. For any approved business activity, you must provide the probation officer with the names of all business entities and their registered agents. You must not register any new business entity, foreign or domestic, without the approval of the probation officer. You must not cause or induce others to register business entities on his/her behalf. For any approved business activity, you must maintain business records. You must provide all requested documentation and records to the probation officer regarding any of his/her business activities as requested by the probation officer.
12. You must maintain separate personal and business finances and must not co-mingle personal and business funds or income in any financial accounts, including but not limited to bank accounts and lines of credit.
13. You must comply with all legal obligations associated with the Colorado Department of Revenue and the Internal Revenue Service regarding federal and state income taxes. This includes resolution of any tax arrearages as well as continued compliance with federal and state laws regarding the filing of taxes.
14. Pursuant to 18 U.S.C. § 3563(b)(2), it is ordered that you make restitution to the victim, as noted in the presentence report, in the amount of $9,718,327.68.
15. You must comply with any orders pertaining to the pending bankruptcy proceeding.

DEFENDANT: DONALD ILEY
CASE NUMBER: 16-cr-00284-CMA-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| Count 12 | $ 100.00 |  |  |  |
| Count 28 | $ 100.00 |  |  |  |
| **TOTALS** | **$ 200.00** | **$ 0.00** | **$ 0.00** | **$ 9,718,327.68** |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**\*\* | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| See Attached Pages |  |  |  |
| **TOTALS** | **$ 9,718,327.68** | **$ 9,718,327.68** |  |

☒ Restitution amount ordered pursuant to plea agreement $ **9,718,327.68**

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☒ the interest requirement is waived for the  ☐ fine  ☒ restitution.

  ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page 7 of 11

DEFENDANT: DONALD ILEY
CASE NUMBER: 16-cr-00284-CMA-1

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| 03 AUTOS LLC | $8,323.03 | $8,323.03 | |
| A PLUS KIDS INC | $56,648.19 | $56,648.19 | |
| ABC TINTING COMPANY INC | $2,802.31 | $2,802.31 | |
| AKVIDEO INC | $36,862.72 | $36,862.72 | |
| ALTITUDE MONITORING INC | $31,282.80 | $31,282.80 | |
| AMERICAN SECURITY PROFESSIONALS INC | $24,834.85 | $24,834.85 | |
| AMERIFLOOR INC | $2,999.37 | $2,999.37 | |
| AMISH CABINET OF DENVER LLC | $33,181.72 | $33,181.72 | |
| APEX ROOFING | $- | $- | |
| ART'S AUTO BODY | $7,552.18 | $7,552.18 | |
| ASBESTOS ABATEMENT | $- | $- | |
| AT THE CAR WASH | $50,387.26 | $50,387.26 | |
| AUTO MAGIC OF COLORADO INC | $74,808.88 | $74,808.88 | |
| AUTOMOTIVE PREVENTION MAINTENANCE | $52,748.84 | $52,748.84 | |
| AUTOWERKS EAST INC | $22,982.34 | $22,982.34 | |
| BACH PERFORMANCE LLC | $31,095.23 | $31,095.23 | |
| BACKYARDS PLUS | $26,411.31 | $26,411.31 | |
| BERGSTROM SOFTWARE | $4,317.79 | $4,317.79 | |
| BLUE ROCK ENTERPRISES LLC | $- | $- | |
| BLUE SKY MOBILE CATERING | $30,447.16 | $30,447.16 | |
| BLUEWATER PERFORMANCE | $50,728.55 | $50,728.55 | |
| BOMBAY GROUP INC | $335,681.22 | $335,681.22 | |
| BONOS DRY CREEK LLC | $119,348.86 | $119,348.86 | |
| BONOS WEST LLC | $4,983.08 | $4,983.08 | |
| BOULDER PIANO GALLERY LLC | $7,356.84 | $7,356.84 | |
| BRADLEY BROTHERS ROOFING INC | $25,660.63 | $25,660.63 | |
| BRAZILLIAN EMPORIUM LLC | $41,825.99 | $41,825.99 | |
| BRENDON DEGNER INC | $6,413.86 | $6,413.86 | |
| BREWSHINE BBQ | $6,348.85 | $6,348.85 | |
| BRIDGES COMMUNITY HOMECARE | $221,666.45 | $221,666.45 | |
| BRIDGES COMMUNITY HOMECARE OF COLORADO SPRINGS | $73,024.53 | $73,024.53 | |
| BRIGHTEN UP PAINTING | $12,076.35 | $12,076.35 | |
| C AND P ENTERPRISES LLC | $3,061.55 | $3,061.55 | |
| CAPITAL REMAN EXCHANGE | $51,215.16 | $51,215.16 | |
| CIMCO CUSTOM INTERIOR MILLWORK | $123,783.46 | $123,783.46 | |
| CLEAR CREEK WINE & SPIRIT | $48,223.38 | $48,223.38 | |
| COLORADO CUSTOM CYLINDER | $15,833.67 | $15,833.67 | |
| COLORADO HARD SURFACES | $6,783.56 | $6,783.56 | |
| COMNET SUPPORT LLC | $- | $- | |
| CT CONSULTING | $45,744.98 | $45,744.98 | |
| DENVER CONTRACTORS INC | $- | $- | |
| DONOVAN ARBORISTS | $37,922.88 | $37,922.88 | |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page 8 of 11

DEFENDANT: DONALD ILEY
CASE NUMBER: 16-cr-00284-CMA-1

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| ELEMENT ONE STUDIO LLC | $46,769.38 | $46,769.38 | |
| ERA 303 SERVICES INC | $40,185.37 | $40,185.37 | |
| EVO CONSULTING & OPERATIONS LLC | $42.00 | $42.00 | |
| EVOO MARKETPLACE LLC | $46,483.88 | $46,483.88 | |
| EXTENDEED | $101.22 | $101.22 | |
| EXTREME TENT EVENT & PARTY | $- | $- | |
| FAB INDUSTRIES LLC | $93,129.62 | $93,129.62 | |
| FARRELLS EXTREME BODY SHAPING | $3,676.71 | $3,676.71 | |
| FRANKLYNN AUTOMOTIVE | $7,256.08 | $7,256.08 | |
| GLAZE CAKES LLC | $42,367.16 | $42,367.16 | |
| GRAPE EXPECTATIONS LLC | $300,857.10 | $300,857.10 | |
| HART CONCRETE | $20,745.58 | $20,745.58 | |
| HAWAIIAN JELLYS LLC | $101,245.37 | $101,245.37 | |
| HEARING CLINIC | $11,463.72 | $11,463.72 | |
| HIGH PLAINS RENOVATION | $- | $- | |
| HIRAM E LICEA AGENCY LLC | $74,265.31 | $74,265.31 | |
| IMAGEHUNTERS INC (Summit Audio and Video) | $36,257.74 | $36,257.74 | |
| INDEPENDENT PATHWAYS INC | $12,466.90 | $12,466.90 | |
| IN-SITE TELECOM INC | $238,230.50 | $238,230.50 | |
| INTERSTATE ALL BATTERY | $51,144.54 | $51,144.54 | |
| IRON MIKE CONSTRUCTION, LLC | $238,634.72 | $238,634.72 | |
| J&M GLASS | $123,143.10 | $123,143.10 | |
| JC APPAREL INDUSTRIES | $14,640.42 | $14,640.42 | |
| JENNIFER MELTON PC | $90,471.67 | $90,471.67 | |
| JSR CONSULTING | $106,031.71 | $106,031.71 | |
| KALIN CONSTRUCTION | $34,556.42 | $34,556.42 | |
| KANSAS CITY CONTRACTORS | $- | $- | |
| KERMITS PRODUCTS LLC | $214,068.57 | $214,068.57 | |
| KLIPP INC | $2,027.29 | $2,027.29 | |
| LAND CARE MANAGEMENT | $272,909.11 | $272,909.11 | |
| L R CONTRACTING INC | $110,055.11 | $110,055.11 | |
| LEILA CONFEL RAMIREZ, PLLC | $3,296.26 | $3,296.26 | |
| LIFESONG SENIOR CARE LLC | $81,219.25 | $81,219.25 | |
| LITIGATION BOUTIQUE LLC | $97,283.58 | $97,283.58 | |
| LITTLE BROWN HOUSE | $14,701.50 | $14,701.50 | |
| MACDONNELL CONSULTING LTD | $42,253.79 | $42,253.79 | |
| MATRIX TECHNOLOGIES LLC | $14,056.29 | $14,056.29 | |
| MASTER BLASTER PLUMBING & DRAIN LLC | $- | $- | |
| MATTRESS & APPLIANCE CENTER | $76,006.75 | $76,006.75 | |
| MCCULLOUGH INSURANCE AGENCY | $2,600.57 | $2,600.57 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

|  |  | Judgment — Page 9 of 11 |
|---|---|---|

DEFENDANT: DONALD ILEY
CASE NUMBER: 16-cr-00284-CMA-1

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| MERMAID MEDICAL INC | $282,721.24 | $282,721.24 | |
| MESSYWORK HOUSEKEEPING LLC | $26,904.88 | $26,904.88 | |
| MIYABI JR EXPRESS COLORADO LLC | $49,749.92 | $49,749.92 | |
| MILE HIGH SENIORS | $3,968.30 | $3,968.30 | |
| MJV CONSULITNG INCORPORATED | $35,939.28 | $35,939.28 | |
| ML ENTERPRISES INC | $15,103.15 | $15,103.15 | |
| MUSE INC | $263,565.17 | $263,565.17 | |
| NEW WORLD DISCOVERIES INC | $20,153.17 | $20,153.17 | |
| NOVICK AUTOMOTIVE INC | $50,714.46 | $50,714.46 | |
| ORION BUILDING SYSTEMS INC | $1,469.57 | $1,469.57 | |
| PAYLESS ROOTER | $13,237.07 | $13,237.07 | |
| PEAK PRO COMMERCIAL SVCS | $5,880.67 | $5,880.67 | |
| PEAK PRO PAINTING, LLC | $37,019.72 | $37,019.72 | |
| PESCADOS Y MARISCOS HECTORS INC/Bellino Electric Services LLC | $101,299.85 | $101,299.85 | |
| PINPOINT STAFFING | $226,705.65 | $226,705.65 | |
| PNEUMATICOAT TECHNOLOGIES LLC | $79,759.62 | $79,759.62 | |
| POLICE PROTECTION SERVICES INC | $30,268.04 | $30,268.04 | |
| PREMIER WEALTH | $- | $- | |
| PURPOSE MEDICAL PROFESSIONAL CORP | $17,091.49 | $17,091.49 | |
| REALITY TECHNOLOGY INC | $130,458.82 | $130,458.82 | |
| RECIPE BOX INC | $8,022.04 | $8,022.04 | |
| REDWINKS ENTERPRISES LLC | $47,555.98 | $47,555.98 | |
| REIGN OF FIRE LLC | $181,455.56 | $181,455.56 | |
| RIDGELINE REMODELING INC | $42,524.05 | $42,524.05 | |
| RISING STAR ENTERPRISES LLC | $53,286.88 | $53,286.88 | |
| ROCA FUERTE LEARNING ACADEMY | $434,238.49 | $434,238.49 | |
| ROCKY MOUNTAIN ADHESIVES LLC | $53,619.50 | $53,619.50 | |
| ROCKY MOUNTAIN LAWN AND LANDSCAPE | $44,876.17 | $44,876.17 | |
| ROCKY MOUNTAIN VENTURES LLC | $68,344.87 | $68,344.87 | |
| SENIORS ROCK INC | $645,180.12 | $645,180.12 | |
| SHIMI LLC | $17,740.22 | $17,740.22 | |
| SHR DISTRIBUTING INC | $1,444.92 | $1,444.92 | |
| SILVER AID ADVOCATES | $9,462.75 | $9,462.75 | |
| SKILLS DEN LLC | $69,639.27 | $69,639.27 | |
| SLEEP TIGHT LLC | $1,688.74 | $1,688.74 | |
| SNH ENTERPRISES | $79,658.84 | $79,658.84 | |
| SPECTRUM MED SPA | $1,092.17 | $1,092.17 | |
| SPLAT PEST MANAGEMENT INC | $16,144.63 | $16,144.63 | |
| TEAL SYSTEMS LTD | $2,350.30 | $2,350.30 | |
| TEDS SHEDS | $93,301.13 | $93,301.13 | |
| THA DETAIL SHOP | $53,711.35 | $53,711.35 | |
| THAT ONE GUY INSTALLATIONS LLC | $624.99 | $624.99 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 11/16) Judgment in Criminal Case

Judgment — Page 10 of 11

DEFENDANT: DONALD ILEY
CASE NUMBER: 16-cr-00284-CMA-1

## ADDITIONAL RESTITUTION PAYEES

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| TODD MARGULIES LLC | $8,083.91 | $8,083.91 | |
| TONERSTORE INC (Gilman Resources Inc) | $13,339.47 | $13,339.47 | |
| TRANSCRIBING SOLUTIONS | $- | $- | |
| TRIBOLOGIX INC | $72,605.19 | $72,605.19 | |
| TURN II BINGO INC | $2,711.75 | $2,711.75 | |
| TWO DRAGONS LLC | $265.19 | $265.19 | |
| ULTIMATE SPECIALTIES LLC | $265,861.17 | $265,861.17 | |
| UNDER THE UMBRELLA CAFE AND BAKERY | $93,674.56 | $93,674.56 | |
| UNION CARWASH LLLP | $7,938.53 | $7,938.53 | |
| WAB COMPANY | $82,356.20 | $82,356.20 | |
| WALL STREET COM | $2,936.17 | $2,936.17 | |
| WASHBURN, INC | $2,341.79 | $2,341.79 | |
| WELSH TRUCKING INC | $975.59 | $975.59 | |
| WENER & SONS INCORPORATED | $272,829.85 | $272,829.85 | |
| WESTERN STATES SALES INC | $11,817.67 | $11,817.67 | |
| WESTERN STORAGE AND HANDLING INC | $516,133.60 | $516,133.60 | |
| Wright Group Event Services (RENT-RITE SUPER KEGS WEST LTD) | $ - | $ - | |
| WOLFE REALTY GROUP INC | $280,594.88 | $280,594.88 | |
| XAVIER INC | $205,014.10 | $205,014.10 | |
| ZOZO GROUP LLC | $160,860.89 | $160,860.89 | |
| **TOTAL RESTITUTION:** | **$9,718,327.68** | **$9,718,327.68** | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 11/16)  Judgment in Criminal Case

| | |
|---|---|
| DEFENDANT: | DONALD ILEY |
| CASE NUMBER: | 16-cr-00284-CMA-1 |

Judgment — Page 11 of 11

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☐  Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with  ☐ C,  ☐ D  ☐ E, or  ☐ F below; or

B  ☒  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☒ F below); or

C  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒  Special instructions regarding the payment of criminal monetary penalties:

The special assessment and restitution obligation are due immediately. Any unpaid monetary obligations upon release from incarceration shall be paid in monthly installment payments during the term of supervised release. The monthly installment payment will be calculated as at least 10 percent of the defendant's gross monthly income

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☒  The defendant shall forfeit the defendant's interest in the following property to the United States: *

The assets to be forfeited specially include, but are not limited to, the entry of a money judgment in the amount of the restitution, which is $ 9,764,005.00, ordered by the Court, the proceeds obtained by the defendant's scheme and by the defendant.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.