IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 16-cr-00284-CMA

UNITED STATES OF AMERICA,

    Plaintiff

v.

DONALD ILEY

    Defendant.

---

## RENEWED MOTION TO PROCEED *IN FORMA PAUPERIS*

---

COMES NOW, the Defendant Don Iley, by through his attorney, Gary Lozow of Foster Graham Milstein & Calisher, LLP, and requests that this Honorable Court enter an order allowing the Defendant to proceed *in forma pauperis* and for appointed counsel in further proceedings relating to a Notice of Appeal filed on August 3, 2017, and as grounds therefor submits the following:

    1.    On July 25, 2017, the Defendant was sentenced to 151 months to be served in federal custody.

    2.    The Defendant was remanded to federal custody on July 13, 2017 and remains in custody.

3. The length of the Defendant's sentence entitles the Defendant to appeal the sentence [DOC #21, Plea Agreement].

4. The Defendant filed his Notice of Appeal on August 3, 2017 [Doc. 62].

5. The Defendant is indigent. Defendant submits the attached affidavit in support of his request for appointed counsel. (*See* **Exhibit A,** CJA Financial Affidavit).

6. The Defendant has been ordered to pay $9,718,327.68 in restitution.

7. The Defendant does not have the funds to pay for the necessary costs, or for an attorney, or the appeal to the Tenth Circuit Court of Appeals.

8. The Defendant does not have the funds to retain private counsel for his appeal. Counsel of record was not retained to pursue the Defendant's appellate rights.

9. Defendant's first *in pauperis* request did not specify that the Defendant was seeking an *in pauperis* determination relating to his constitutional right to counsel and for necessary costs. Indeed, counsel for the Defendant advanced the original appellate costs.

10. The Sixth Amendment provides that "in all criminal prosecutions the accused shall enjoy the right . . . to have the assistance of counsel for is defense." United States Constitution, Amend. VI; *Argensinger v. Hamlin,* 407 U.S. 25, 3792 S.Ct. 2006, 321 L.Ed.2d 530 (1972).

11. Congress passed the Criminal Justice Act of 1964. Congress recognized that "all defendants are entitled to help at every stage of a criminal proceeding . . . ." *United States v. Burnett,* 989 F.2d 100, 101 (2nd Cir. 1993).

12. "If at any stage of the proceedings, including an appeal, the United States magistrate judge or the court finds that the person is financially unable to pay counsel whom he had retained, it may appoint counsel as provided in subsection (b)." 18 U.S.C. § 3006A(c).

13. The Court must make an appropriate "inquiry" into financial ability under 18 U.S.C. § 3006A.

14. The economic realities of Defendant's financial status are reflected in his present incarceration, his prior bankruptcy, his obligation to pay restitution, and his Financial Affidavit of August 16, 2017. (*See also* **Exhibit B**, Financial Affidavit dated August 16, 2017).

15. The Defendant has no source of income nor financial ability to pay for private counsel for his appellate proceeding.

Wherefore, the Defendant prays that this Honorable Court enter an order allowing him to proceed *in forma pauperis* on appeal and for an appointment of counsel.

||

||

Respectfully submitted this 12th day of September 2017.

        **FOSTER GRAHAM MILSTEIN & CALISHER LLP**

      By:  *s/Gary Lozow*
           Gary Lozow
           360 S. Garfield, 6th Floor
           Denver, CO 80209
           Telephone: (303) 333-9810
           glozow@fostergraham.com

           **ATTORNEYS FOR DEFENDANT DON ILEY**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of August 2017, I electronically filed the foregoing to the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    J. Chris Larson
    Assistant United States District Attorney
    j.chris.larson@usdoj.gov

    Tonya Shotwell Andrews
    Assistant United States District Attorney
    Tonya.andrews@usdoj.gov

    *s/ Donna M. Brummett*
    Donna M. Brummett